IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI TOMASIAN, | No. C 09-3847 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| ANTHONY HEDGPETH, | |
| Respondent. | (Docket Nos. 3 & 4) |

### INTRODUCTION

Ths is a habeas case filed by a California prisoner proceeding pro se under 28 U.S.C. 2254. He has also applied for leave to proceed in forma pauperis.

### ANALYSIS

A federal court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

In his petition, petitioner claims that he is currently housed in a prison that is far from his family, and it presents a medical hardship for them to drive to visit him. Petitioner seeks a transfer to another prison. To begin with, petitioner's claims must be brought in a civil rights complaint not a habeas petition because petitioner is challenging the conditions of his confinement, not the fact or duration of his custody. The preferred practice in the Ninth Circuit

**United States District Court**
For the Northern District of California

is that challenges to conditions of confinement be brought in a civil rights complaint, not in a habeas petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Consequently, petitioner's claims may be brought in a civil rights complaint, but not in a habeas petition. In any event, a prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976)). Consequently, even if petitioner brought his claims in a civil rights complaint under 42 U.S.C. 1983, the claims would not be cognizable.

**CONCLUSION**

This habeas petition is **DISMISSED**.

In light of petitioner's lack of funds, the application to proceed in forma pauperis (docket number 4), as well as the request for an extension of time to file such an application (docket number 3), are **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 13 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\TOMASIAN3847.DSM.wpd